Filed 4/28/26  P. v. Schmitt CA1/5

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>BRIAN DOUGLAS SCHMITT, SR.,<br><br>        Defendant and Appellant. | A174711<br><br>(Sonoma County<br>Super. Ct. No. SCR7562591) |

In 2024, Brian Douglas Schmitt, Sr., was convicted of molesting an eight-year-old girl and sentenced to a prison term of 30 years to life. About 18 months after he was sentenced, Schmitt was diagnosed with terminal cancer. He now appeals from the trial court's order denying the Department of Corrections and Rehabilitation's request for compassionate release (Pen. Code, § 1172.2).[1] Schmitt argues that the trial court abused its discretion by finding that he posed an unreasonable risk of danger to public safety, which overcame the presumption in favor of his release. (See *id*., subd. (b).) We affirm.

### BACKGROUND

In March 2024, Schmitt was sentenced to 30 years to life in prison for his convictions for sexual penetration of a child under 10 (counts one and three; § 288.7, subd. (b)) and committing a

---

[1] Undesignated statutory references are to the Penal Code.

1

lewd act on a child under 14 (counts two and four; § 288, subd. (a)).  We affirmed the judgment.  (*People v. Schmitt* (June 23, 2025, A170547) [nonpub. opn.].)

In September 2025, the Department's Health Care Services Director sent a letter to the trial court recommending that it recall and resentence Schmitt, under the compassionate release provisions (§ 1172.2), based on Schmitt's terminal cancer diagnosis.  In its recommendation, the Director explained that Schmitt has advanced and incurable leiomyosarcoma—a rare and aggressive cancer that develops within smooth muscle—and that Schmitt had decided to forgo treatment.  Schmitt's oncologist predicted he had a life expectancy of less than one year.

The Department's letter also notes that Schmitt's tumor is growing in the vena cava of his heart, which interferes with blood return.  His cancer has also metastasized to his liver.  Accordingly, Schmitt "requires a walker to ambulate due to pain and severe fatigue" but "is able to complete activities of daily living . . . such as feeding, bathing, dressing and toileting; however, this will change as this disease progresses."  The Director noted that Schmitt was 79 years old and was then living in the general population at California Medical Facility, but was growing weaker every day.

The accompanying diagnostic study and evaluation report indicated Schmitt was at "[c]lose [c]ustody" placement level—due to his lengthy sentence—but that he had no disciplinary record and his static risk assessment score was very low (one).  Schmitt's adult son was willing and able to care for Schmitt and provide independent housing for him, in Arizona, if Schmitt was released.  Schmitt's son said that "[h]e and his family would . . . support, care for and visit with . . . Schmitt as needed" and provide necessary nursing or hospice care.

Additional documentation described Schmitt's commitment offenses.  Schmitt's former girlfriend, Janice, is the victim Jane

2

Doe's paternal grandmother. At the time of the crimes, Schmitt lived with Janice. Doe regularly spent time with Schmitt at Janice's house. In July 2022, Doe told her maternal grandmother that Schmitt had molested her. The following month, when she was nine years old, Doe told a forensic interviewer that one day, when she was in the middle of watching a movie with Schmitt at Janice's house, Schmitt digitally penetrated her vagina and anus while she was sitting in Schmitt's lap and wearing pajama shorts. Police later obtained a laptop Schmitt left at Janice's house, where they found sexually explicit images of children engaged in sexual conduct.

The trial court appointed counsel for Schmitt and conducted a hearing to consider whether to recall Schmitt's sentence (§ 1172.2, subd. (c)). The People opposed the request on the basis that Schmitt posed an unreasonable risk of danger to public safety (§ 1172.2, subd. (b)) due to the nature of his crimes and his remaining physical capabilities. The same judge who presided over Schmitt's trial and originally sentenced him, in 2024, presided over the section 1172.2 hearing.

After hearing argument, the trial court denied the request for recall, finding that Schmitt posed an unreasonable risk of danger to public safety. The court explicitly recognized that a presumption in favor of recall and resentencing applied due to Schmitt's terminal cancer (§ 1172.2, subd. (b)(1)), but explained, "I'm convinced based on the evidence that was presented in the trial, the presentence report prior to sentencing, [that] . . . while his end of life is near, this is the type of crime he can commit if he can move and if his hands can move. It is not the type of crime where there's some type of extreme exertion." The court continued, "[H]is physical condition is still there to give him the ability to commit a super strike."

## DISCUSSION

Schmitt contends the trial court abused its discretion by finding his release would present an unreasonable risk of danger to public safety. (See *People v. Lewis* (2024) 101 Cal.App.5th 401, 409 (*Lewis*) [standard of review].) We disagree.

### 1.

Section 1172.2 authorizes a trial court to recall the sentence of an incarcerated person who has "a serious and advanced illness with an end-of-life trajectory" and has *not* been sentenced to either death or life without parole. (§ 1172.2, subds. (b)(1), (o); *Lewis, supra*, 101 Cal.App.5th at p. 403.) Section 1172.2, subdivision (b) further provides that—if the trial court determines an incarcerated person has such a qualifying illness— a presumption favoring recall and resentencing arises, which may only be overcome if the trial court finds the individual is an unreasonable risk of danger to public safety *based on the person's current physical and mental condition.* An unreasonable risk of danger to public safety is defined as an unreasonable risk that the incarcerated person will commit a "super strike," which includes the offense of committing a lewd and lascivious act on a child under age 14. (§§ 1172.2, subd. (b), 1170.18, subd. (c), 667, subd. (e)(2)(C)(iv)(III); *Lewis,* at p. 403; *Nijmeddin v. Superior Court* (2023) 90 Cal.App.5th 77, 83 (*Nijmeddin*).)

One of the primary intents of section 1172.2's compassionate release provisions is "to save the prison system money" by avoiding high healthcare costs for terminally ill or elderly inmates. (*People v. Loper* (2015) 60 Cal.4th 1155, 1160.) Thus, in making a finding that the presumption in favor of recall is overcome, it is not enough for the court to express only "a generalized concern" about an incarcerated person's " 'ability to continue to commit crimes.' " (*Nijmeddin, supra,* 90 Cal.App.5th at p. 83.)

4

"The abuse of discretion standard is highly deferential." (*People v. Mendoza* (2023) 88 Cal.App.5th 287, 298.) " 'A trial court abuses its discretion when the factual findings critical to its decision find no support in the evidence' " (*Lewis, supra*, 101 Cal.App.5th at p. 409), or "when the trial court . . . is unaware of its discretion, fails to consider a relevant factor that deserves significant weight, gives significant weight to an irrelevant or impermissible factor, or makes a decision so arbitrary or irrational that no reasonable person could agree with it." (*In re White* (2020) 9 Cal.5th 455, 470 [bail decision].)

**2.**

There is no dispute that—because Schmitt has a qualifying illness with an end-of-life trajectory—a presumption in favor of recall and resentencing arose. (See § 1172.2, subd. (b)(1).) However, the trial court did not abuse its discretion in finding that presumption was overcome by the unreasonable danger Schmitt's release would pose to public safety.

True, an incarcerated person's mere capacity or ability to commit a super strike offense "has no tendency to prove" by itself—untethered to an individual's circumstances—an unreasonable risk that the incarcerated person will commit such an offense. (*Lewis, supra*, 101 Cal.App.5th at p. 409.) But, in *Lewis,* an incarcerated person was denied compassionate release because the trial court feared the person could solicit or direct another person to commit a crime even though there was no evidence that person had ever done so previously. (*Id*. at pp. 409-411.)

Here, in contrast, the trial court relied on more than Schmitt's remaining physical capacity to commit crimes. The trial court considered that Schmitt had *very recently* committed super strikes (§ 667, subd. (e)(2)(C)(iv)(III)), which did not require force or unusual physical strength due to his young victim's vulnerability and Schmitt's abuse of the victim's trust. The

pornography found on Schmitt's computer also demonstrated he had more than a fleeting interest in sex with very young girls. The trial court also considered Schmitt's current physical and mental condition. Schmitt was *not* incapacitated by his terminal illness; he was still able to walk (with the assistance of a walker) and able to feed, bathe, and dress himself. And unlike other aged prisoners who committed their crimes decades before they became ill, perhaps making it less probable they would reoffend, Schmitt was convicted of child molestation just 18 months before he became eligible for compassionate relief.

It was appropriate for the trial court to consider Schmitt's criminal conviction history and his current physical condition. (See §§ 1170.18, subds. (b)(1)-(3) [in determining "unreasonable risk of danger to public safety," court may consider criminal conviction history, disciplinary and rehabilitation record, and any other relevant evidence], 1172.2, subd. (b); see *Nijmeddin, supra*, 90 Cal.App.5th at p. 83 ["presumption can be overcome only by evidence that, based on [their] current physical and mental condition, [the incarcerated person] poses an unreasonable risk of committing a 'super strike' offense"]; *People v. Jefferson* (2016) 1 Cal.App.5th 235, 242.)

Schmitt effectively asks us to reweigh the evidence of his dangerousness, which is impermissible. (See *People v. JTH Tax, Inc.* (2013) 212 Cal.App.4th 1219, 1250, ["under an abuse of discretion standard [citation] . . . '[w]e do not reweigh the evidence or substitute our notions of fairness for the trial court's' "].) The trial court's finding—that Schmitt posed an unreasonable risk of committing a lewd act on a child under the age of 14 were he to be granted compassionate release—is supported by substantial evidence. The presumption in favor of recall was thereby overcome and the trial court did not exceed the bounds of reason in denying the request for compassionate release.

## DISPOSITION

The October 21, 2025 order denying compassionate release, under section 1172.2, is affirmed.

BURNS, J.

WE CONCUR:

JACKSON, P.J.
CHOU, J.

*People v. Schmitt (A174711)*